**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Steve J. Longariello, | ) | No. CV-09-1606-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Phoenix Union High School District, | ) | |
| Defendant. | ) | |

This case arises on *pro se* Plaintiff's Motion to Strike and Motion for Judgment by Default which are combined with Plaintiff's Response to Motion to Dismiss, filed on November 3, 2009. (docket # 18) No response will be required by Defendant to these two Motions.

## **MOTIONS TO STRIKE**

Motions to strike are not favored by the District Court. *First Horizon Home Loan Corp. v. Phillips*, 2008 WL 906698, * 4 (D.Ariz. 2008) (citation omitted). Local Rule ("LRCiv") 7.2(m)(1) provides:

> Generally. Unless made at trial, a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(C), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order.

LRCiv 7.2(m)(1) (emphasis added). "Nonetheless, a Rule 12(f) motion may be proper when a defense is insufficient as a matter of law." *Phillips*, 2008 WL 906698 at * 4.

While Rule 12(f), Fed.R.Civ.P., empowers the district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter[,]" Plaintiff's Motion to Strike is not well-taken because the Local Rules and the ECF Manual allow counsel to sign an electronically-filed pleading or motion as defense has done herein. See, LRCiv 5.5(g)[1] and ECF Manual at II, C, 1, page 8. It is beyond dispute that all defense counsel appearing herein are properly registered and have used the appropriate symbol "'s/'" in the space where the signature would otherwise appear." ECF Manual at II, C, 1, page 8. Rule 11, FED.R.CIV.P., applies equally to a lawyer's electronic signature or the customary signature of a *pro se* litigant.

Plaintiff provides no lawful grounds to dismiss Defendant's dispositive motion, enter a default judgment against Defendant or strike the pending dispositive motion as an insufficient defense. Plaintiff's Motions are frivolous and will be summarily denied.

**IT IS ORDERED** that Plaintiff's Motion to Strike and Motion for Judgment by Default, combined with Plaintiff's Response to Motion to Dismiss, docket # 18, are summarily **DENIED**. In an abundance of fairness, the Court hereby authorizes *pro se* Plaintiff to file a Supplemental Response to the merits of Defendant's pending Motion

---

[1] LRCiv 5.5(g) provides in relevant part:

> (g) Signatures. The log-in and password required to submit documents to the ECF System constitute the Registered User's signature on all electronic documents filed with the Court for purposes of Rule 11 of the Federal Rules of Civil Procedure. . . .

LRCiv 5.5(g).

1 to Dismiss, docket # 13, on or before **Monday, November 30, 2009** or Defendant's
2 Motion to Dismiss will be granted and this case terminated in its entirety.
3 DATED this 13th day of November, 2009.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge