1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steve J. Longariello, ) | No. CV-09-1606-PHX-LOA |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Phoenix Union High School District, ) | |
| Defendant. ) | |

This case arises on Defendant Phoenix Union High School District's ("Defendant") October 28, 2009 Motion to Dismiss, asserting that (1) Plaintiff's Amended Complaint fails to set forth sufficient legal and factual basis to state a claim upon which relief may be granted, and (2) Plaintiff failed to timely file his Complaint. (docket # 13) After review and consideration of the parties' briefings, the Court will grant the Motion and will dismiss this case with prejudice.

### A. JURISDICTION

The District Court of Arizona has federal-question jurisdiction over this case pursuant to 28 U.S.C. § 1331[1] because most of Plaintiff's federal claims arise under federal statutes. All parties have voluntarily consented in writing to magistrate-judge jurisdiction

---

[1] Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331

pursuant to 28 U.S.C. 636(c)(1). (docket ## 7, 16)

## B. BACKGROUND

### I. Factual Allegations

On or about March 26, 2009, Plaintiff filed a Notice of Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging claims of discrimination based upon his sex, age and disability. (docket # 10, Attachment # 3) The EEOC issued Plaintiff a Dismissal and Notice of Rights' letter on May 15, 2009, informing Plaintiff that, *inter alia*, he "may file a lawsuit against respondents [but his] lawsuit must be filed WITHIN 90 DAYS of [his] receipt of this notice; or [his] right to sue based on this charge will be lost.[2] (*Id*., Attachment # 2). Plaintiff filed his Complaint within the 90 days on August 4, 2009, docket # 1, but on September 2, 2009, the Court struck Plaintiff's Complaint, docket # 1, with leave to amend because it wholly failed to comply with the requirements of Rule 8(a)(2), FED.R.CIV.P. On September 25, 2009, Plaintiff filed an Amended Complaint, alleging claims against Defendant under: (1) Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) the Age Discrimination in Employment Act of 1967 ("ADEA"); (3) the Americans with Disabilities Act of 1990 ("ADA"); (4) the Arizona Civil Rights Act ("ACRA"); (5) 42 U.S.C. § 1981 ("1981"); and (6) "Federal and Arizona State blacklisting laws." (docket # 10 at 1-2)

In his Amended Complaint, Plaintiff claims that he is a "highly qualified," "Arizona certified master level teacher of special education," and that he is also "qualified to teach . . . music, elementary middle high school and college etc." (*Id*. at 2) Plaintiff further alleges that after submitting an employment application in August, 2008, he interviewed with Laura Tellis in Human Resources, who "agreed that Plaintiff was qualified" for a teaching position, and to add him to "the pool and provide [Plaintiff's] information to

---

[2] Plaintiff also filed an employment discrimination charge with the Office of the Arizona Attorney General, Civil Rights Division, on March 17, 2009. (docket # 10, Attachment # 4) The Arizona Attorney General's Notice of Right to Sue was mailed to the parties on July 29, 2009. (*Id*.)

- 2 -

Principals in need of teachers." (*Id.*) According to Plaintiff, "there were more than five vacant teaching positions, for which he was qualified[.]" Plaintiff alleges he "was not contacted for the second interview," was not "selected for any of the vacant positions," and "was not given a reason for Defendant's failure to hire him." (*Id.* at 3) Plaintiff claims that "[r]ather than hire him, Principals let Special Education Students go without a teacher." (*Id.*) Plaintiff further alleges that "[d]uring the 2008-09 academic year[,] other middle aged males applied for teaching positions with Defendant," but "Defendant did not hire any male teachers over the age of 50." (*Id.*) Plaintiff also asserts that "Defendant contacted Plaintiff's previous employer, Crittenton Academy and discussed Plaintiff's disability." (*Id.*). Plaintiff alleges in paragraph 18:

> By failing to hire [him,] a Arizona certified, highly qualified (by Arizona Dept of Education Standards), 53 year old (at the time) disabled male master level teacher of Special Education, the Defendant, Phoenix Union High School District, and its employees as listed above, on five or more occasions violated his civil rights pursuant the laws (mentioned above) to which this court has jurisdiction.

(*Id.*)

The balance of the Amended Complaint recites Plaintiff's filing the State and federal administrative claims of discrimination, his receipt of the written authorizations to sue, that he has not worked since June, 2008, and concludes with demands of compensatory and punitive damages, costs, that an injunction issue "ordering Defendant to refrain from their discriminatory behavior[,]" and that he be awarded "[a] special education teaching position with a 5 year teaching position starting out at $50,000.00 per school calendar year" with benefits and annual raises. (*Id.* at 4)

**II. Case History**

Shortly after *pro se* Plaintiff filed his Complaint on August 4, 2009 and consented to proceed before a magistrate judge, the Court informed Plaintiff of the factual inadequacies of his Complaint in a detailed order with citations to relevant case law; struck his insufficient, defective Complaint; and provided Plaintiff a fair opportunity to demonstrate that he is entitled to relief by amendment. (docket # 8) Plaintiff timely filed his Amended

Complaint on September 25, 2009. Instead of answering the Amended Complaint, Defendant filed its Motion to Dismiss pursuant Rule 12(b)(6), claiming the Amended Complaint[3] fails to state any claim upon which relief may be granted. (docket # 13)

### C. RULE 12(b)(6) MOTION TO DISMISS

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro se* plaintiff must still satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (a *pro se* litigant "is expected to abide by the rules of the court in which he litigates.").

Federal Rule of Civil Procedure 12(b)(6) authorizes a district court to dismiss a complaint for failure to state a claim upon which relief can be granted. A well-pled complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations and emphasis omitted). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1949).

---

[3] Defendant refers to the Amended Complaint, docket # 10, as Plaintiff's "Complaint" because the Court struck the original Complaint. This hyper-technical argument is later rejected in this Order.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 125 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with an employment discrimination claim, a district court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 1951. With these principles in mind, the Court will examine the sufficiency of the Amended Complaint's claims.

## D. ANALYSIS

### I. Claims of Discrimination under Title VII, the ADEA, and the ACRA

"Under Title VII, it is unlawful for an employer 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, sex, national origin, or religion.'" *Barkclay v. Wal-Mart Stores, Inc*., 2007 WL 4410257, at * 4 (D.Ariz. 2007) (citing 42 U.S.C. § 2000e-2). "Similarly, the ACRA prohibits discrimination in employment 'because of the individual's race, color, religion, sex, age, disability or national origin.'" (*Id*., citing A.R.S. § 41-1464(B)(1)). In addition, the ADEA prohibits discrimination against an employee 40 years of age or older. 29 U.S.C. § 623(a)(1) (it "unlawful for an employer. . . to discharge any individual. . . because of such individual's age."), § 631; *O'Connor v. Consolidated Coin Caterers Corp*., 517 U.S. 308, 311-313 (1996). "The ACRA mirrors the relevant federal language and, thus, federal law is persuasive in interpreting the statute." *Love v. Phelps Dodge Bagdad, Inc*., 2005 WL 2416363, at * 7 (D.Ariz. 2005) (citing *Timmons v. City of Tucson*, 171 Ariz. 350, 830 P.2d 871, 875 (Ariz.Ct.App. 1991) and *Storey v. Chase Bankcard Services, Inc*., 970 F.Supp. 722, 724 (D.Ariz. 1997)); A.R.S. §§ 41-1463, 1465.

1             In order to establish a claim of discrimination under any of the above statutes, Plaintiff has the burden of showing that: (1) he is a member of the protected class; (2) he was qualified for the position for which he applied; (3) he was subject to an adverse employment action; and (4) similarly-situated individuals outside his protected class were treated more favorably. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (holding that the *McDonnell Douglas* framework applies to ADEA claims); *Davis v. Team Electric Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (sex discrimination claim); *Gesina v. General Elec. Co.*, 780 P.2d 1376, 1379 (Ariz. Ct. App. 1989) (employee failed to make prima facie showing of age discrimination).

## II. Discussion of Title VII, ADEA, and ACRA Claims

            The Court agrees with Defendant that Plaintiff has failed to allege facts sufficient to establish the elements of claims under Title VII, the ADEA, or the ACRA. (docket # 13 at 4-5) Plaintiff's "[t]hreadbare recitals . . . supported by mere conclusory statements, do not suffice," *Iqbal*, 129 S. Ct. at 1949, to create viable claims for sex and age discrimination. The Amended Complaint's "factual allegations [are not] enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 556. Assuming as true Plaintiff is a member of the protected class, was qualified for the position for which he applied, and he was subjected to an adverse employment action, Plaintiff does not allege that Defendant treated women, who were under 40 years of age, more favorably by hiring them to fill the vacant positions. Rather, Plaintiff merely alleges that Defendant failed to hire anyone. (docket # 10 at 3, ¶ 12) Further, although he is male and, therefore, within a protected class, Plaintiff fails to allege that Defendant discriminated against him because he is male or that Defendant hired a substantially younger employee with equal or inferior qualifications than Plaintiff's. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000).

            As *Iqbal*, 125 S.Ct. at 1951, instructs, a district court must assess whether there are other "more likely explanations" for a defendant's conduct. Using "its judicial experience and common sense," *id*. at 1950, the Court concludes that it is more likely

1 Arizona's significant economic downturn in recent years and the resulting across-the-board
2 budget cuts in most, if not all, public school districts caused the teacher positions to go
3 unfilled rather than purposeful discrimination against Plaintiff due to his sex and age.
4 Plaintiff's "the-defendant-unlawfully-harmed-me accusation[s]," *id.* at 1949, do not state
5 claims for discrimination on the basis of his sex or age under Title VII, the ADEA, or the
6 ACRA. These claims will be dismissed.

**III. Claims of Disability Discrimination under the ADA**

Title I of the ADA, 42 U.S.C. §§ 12101-12213, prohibits discrimination in employment "against a qualified individual with a disability because of the disability."[4] 42 U.S.C. § 12112(a); *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1108 (9th Cir. 2000). In order to state a *prima facie* case for disability discrimination under either statute, an employee bears the ultimate burden of proving that he: (1) is disabled under the Act, (2) is a qualified individual with a disability, and (3) was discriminated against because of his disability. *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 988, (9th Cir. 2007); *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999); *Nelson v. Cyprus Bagdad Copper Corp.*, 119 F.3d 756, 762-63 (9th Cir. 1997) (holding courts apply the same standard under both the ADA and the ACRA). The ADA further defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of . . . an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Additionally, a "qualified individual" is "an individual with a disability who, with or without reasonable accommodation, can

---

[4] The Court notes that Congress amended the ADA's definition of the term "qualified individual with a disability" as a part of the ADA Amendments Act of 2008. Pub.L. No. 110-325, § 4, 122 Stat. 3553 (2008). President George W. Bush signed this legislation into law on September 25, 2008, effective on January 1, 2009. Because Defendant's alleged unlawful conduct occurred in 2008 and the new legislation does not apply retroactively, *Neal v. Kraft Foods Global, Inc.*, 2009 WL 799644, * 10 (D.Or. 2009), the Court will apply the law in effect in 2008. The result, however, is the same if the amended definition is used.

perform the essential functions of the employment position." 42 U.S.C. § 12111(8).

**IV. Discussion of ADA Claim**

Plaintiff's ADA claim suffers from the same fatal infirmity discussed herein on his other discrimination claims, i.e., the Amended Complaint fails to allege sufficient facts "plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*, 572 F.3d at 969. Although he alleges that he is "disabled," docket 10 at 3, ¶ 18, Plaintiff fails to identify the nature of his impairment and how that impairment substantially limits one or more of his major life activities. Assuming as true his allegation that he is a qualified special education teacher, he fails to set forth any facts regarding the essential functions of the vacant positions and that he is able to perform those specific functions, with or without Defendant's reasonable accommodation. Perhaps, the most significant omission in this regard, Plaintiff fails to allege that Defendant's decision not to hire him was based on his disability or that any of Defendant's employees even knew of his alleged disability. His mere allegation that "Defendant contacted Plaintiff's previous employer . . . and discussed [his] disability, *id* at 3, ¶ 17, does not allege a *prima facie* claim of disability discrimination. Plaintiff's "the-defendant-unlawfully-harmed-me accusation," *Iqbal* at 1949, does not state a claim under the ADA. This claim will also be dismissed.

**V. Section 1981 Claim**

Title 42 U.S.C. § 1981[5] prohibits discrimination on the basis of an employee's

---

[5] Title 42 U.S.C. § 1981 is entitled "**Equal rights under the law**" and provides:

(a) Statement of equal rights
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined
For purposes of this section, the term "make and enforce contracts" includes

- 8 -

race only. *Kendall v. Catterson*, 2008 WL 131042, * 6 n.3 (D.Idaho 2008) (citing *White v. Wash. Pub. Power Supply Sys.*, 692 F.2d 1286, 1290 (9th Cir. 1982) ("It is well settled that section 1981 only redresses discrimination based on plaintiff's race."); *Selden Apartments v. HUD*, 785 F.2d 152, 159 (6th Cir. 1986) (noting *prima facie* elements of section 1981 include plaintiff being member of racial minority).

**VI. Discussion of § 1981 Claim**

The Amended Complaint cites "42, USC, 1981," docket # 10 at 1, but it does not allege that Plaintiff is a member of a racial minority. Moreover, Plaintiff does not allege that Defendant's decision not to hire him was based upon his race. Therefore, Plaintiff's § 1981 claim will also be dismissed for failure to state a claim pursuant to the *Twombly* and *Iqbal* standard discussed previously.[6]

**VII. Federal or Arizona Blacklisting Statutes**

The Amended Complaint also lists "Federal and Arizona State blacklisting laws" as a legal basis for his employment discrimination claims. (docket # 10 at 2) The Amended Complaint, however, fails to identify the federal blacklisting statute to which he refers, let alone any facts "plausibly suggestive of [such] a claim entitling the plaintiff to

---

> the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) Protection against impairment
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981.

[6] Independent of *Twombly* and *Iqbal* pleading deficiencies, Plaintiff never raised his race as a basis of discrimination when he filed the Notice of Charge of Discrimination. (see, docket # 10, Attachment # 3, "race" box was not checked) Because Plaintiff failed to exhaust the administrative remedy with regard to the race claim, this claim is also arguably subject to dismissal due to the absence of federal subject matter jurisdiction over the race claim. *Paige v. State of California*, 102 F.3d 1035, 1041 (9th Cir. 1996).

- 9 -

relief." *Moss*, 572 F.3d at 969.

The Amended Complaint also fails to allege a valid blacklisting claim under Arizona law. As Defendant points out, an employer commits blacklisting, a class 2 Arizona misdemeanor, under A.R.S. § 23-1362 if it "knowingly exchanges, solicits or gives out any labor blacklist." A.R.S. § 23-1362(A), (B). (docket # 13 at 6) A "blacklist" is defined as:

> Any understanding or agreement whereby the names of any person or persons, list of names, descriptions or other means of identification shall be spoken, written, printed or implied for the purpose of being communicated or transmitted between two or more employers of labor . . . whereby the laborer is prevented from engaging in a useful occupation . . . .

A.R.S. § 23-1361(A). The Amended Complaint contains no allegation, much less a "plausibly suggestive" one, that Defendant knowingly exchanged with another employer, or solicited from another employer, a labor blacklist involving Plaintiff. In fact, the Amended Complaint contains no allegation that Defendant took any action to prevent Plaintiff from engaging in any other employment or occupation. Plaintiff's claims for alleged violations of federal or Arizona Blacklisting statutes will also be dismissed for failure to state a claim.

**VIII. Timeliness of the Complaint**

Defendant's argument that *pro se* Plaintiff failed to timely file his Complaint within 90 days of Plaintiff's receipt of the EEOC's May 15, 2009 Notice of Right to Sue letter, docket # 1, Exhibit 2, because the Court *sua sponte* dismissed Plaintiff's Complaint is summarily rejected. (docket # 13 at 7-8) Plaintiff's Complaint, filed on August 4, 2009, was filed within the 90-day limitation's period required by 42 U.S.C. § 2000e-5(f)(1). Although it was stricken for violations of Rule 8(a), FED.R.CIV.P., Plaintiff was given an opportunity to timely cure the Complaint's factual deficiencies. *Robert v. First Hawaiian Bank*, 172 F.3d 58 (9th Cir 1999) (unpublished) (citing *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) and *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996)). It was never the undersigned's intent to create this issue, nor would it be fair and just to dismiss this action because of what the judge did, rather than what the Plaintiff failed to do. Nevertheless, the Court will enter a *nunc pro tunc* order that will remove this issue in the

event of an appeal.

### E. CONCLUSION

Having given Plaintiff in a detailed order, docket # 8, the Supreme Court's latest pronouncements in *Twombly* and *Iqbal* on the factual sufficiencies required for a complaint to state claims for relief, Plaintiff will not be given additional chances to amend in another attempt to plead the factual allegations the Supreme Court requires. To do so would be unfair to Defendant.

Accordingly,

**IT IS ORDERED**, *nunc pro tunc*, that the Court's September 2, 2009 Order, docket # 8 at 3-4, striking Plaintiff's Complaint, docket #1, is hereby **VACATED**. Plaintiff's Complaint, docket # 1, is **REINSTATED**, effective the date it was originally filed, August 4, 2009.

**IT IS FURTHER ORDERED** that Defendant Phoenix Union High School District's Motion to Dismiss, docket # 13, is **GRANTED**. Finding that Plaintiff's Amended Complaint fails to state any claim upon which relief may be granted pursuant to Rule 12(b)(6), FED.R.CIV.P., and *pro se* Plaintiff having received a fair opportunity to file an Amended Complaint to cure the original Complaint's factual deficiencies, dismissal is with prejudice. The Clerk is directed to enter judgment in favor of Defendant Phoenix Union High School District and to terminate this case.

Dated this 15th day of December, 2009.

Lawrence O. Anderson
United States Magistrate Judge